## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| Adventuras de Pescado, LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00693-DAE |
| | § | |
| Stoney Barton, *in personam*, | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
   **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Adventuras de Pescado, LLC's Complaint, filed May 8, 2025 (Dkt. 1), and Motion for Entry of Default Judgment, filed February 27, 2026 (Dkt. 14).[1]

### I.    Background

Plaintiff Adventuras de Pescado, LLC, a Texas limited liability company, brings this general maritime negligence suit against Defendant Stoney Barton. Plaintiff invokes this Court's original jurisdiction over admiralty and maritime cases under 28 U.S.C. § 1333(1).

Plaintiff makes the following allegations in its Original Complaint: Plaintiff owns and operates the *M/Y CALIENTE*, a 61-foot Viking sport fishing vessel. Dkt. 1 ¶ 5. Barton owns and/or operates the *M/Y FARTHER & SUN*, a 63-foot 2015 Hatteras GT63. *Id.* ¶ 6. On April 29, 2024, the *M/Y CALIENTE* was moored in its assigned slip in Marina Pez Vela in Costa Rica. "While the *M/Y CALIENTE* was so moored, Defendant's vessel, the *M/Y FARTHER & SUN*, while departing its

---

[1] By Text Order entered March 16, 2026, the District Court referred this motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

assigned slip at the marina under power, at approximately 10:00 a.m., crashed into *M/Y CALIENTE* while it was stationary in its assigned slip within the Marina Pez Vela." *Id.* ¶ 8. As a result, "the *M/Y CALIENTE* sustained significant damage to its hull, requiring repairs totaling approximately $46,158.34." *Id.* ¶ 9. Plaintiff had its damaged boat hauled out of the water and repaired at Quepos Boat Yard S. A., in Quepos, Costa Rica. *Id.* ¶ 10. In May 2024, Barton made partial payment of $13,879.00 to Plaintiff for repairs, leaving some $32,279.34 due. *Id.* ¶ 11.

Plaintiff filed its Complaint on May 8, 2025, asserting a claim of general maritime negligence against Barton. *Id.* ¶¶ 15-22. Plaintiff seeks monetary damages for the total cost of repairs to its vessel, expenses, and interest. *Id.* ¶¶ 23-24.

Plaintiff served Barton on August 14, 2025. Dkt. 10. After Barton failed to timely answer or otherwise respond to Plaintiff's Complaint, the Clerk entered default on November 3, 2025. Dkt. 13. Plaintiff now moves for an entry of default judgment under Rule 55. Dkt. 14.

## II.    Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* A party is not entitled to a default judgment merely because the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977)).

In considering any motion for default judgment, a court first must examine whether it has subject matter jurisdiction and personal jurisdiction over the defendant. *Rabin v. McClain*, 881

F. Supp. 2d 758, 763 (W.D. Tex. 2012). Once the court determines it has jurisdiction, a three-part test applies to determine whether to enter a default judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, the court considers whether entry of default judgment is procedurally warranted. *Id.* at 814. Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Finally, the court determines what relief, if any, the plaintiff should receive. *Id.*

Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.     Analysis

#### A.  Jurisdiction

"When a party seeks entry of a default judgment under Rule 55, the district court has an affirmative duty to ascertain its jurisdiction both over the subject matter and the parties." *MasterScapes, Inc. v. Mirelez*, No. 1:25-CV-00080-RP, 2025 WL 3030465, at *2 (W.D. Tex. Aug. 7, 2025), *R. & R. adopted*, 2025 WL 3028186 (W.D. Tex. Oct. 28, 2025). Plaintiff invokes the Court's admiralty and maritime jurisdiction. 28 U.S.C. § 1333(1). Federal courts have admiralty and maritime jurisdiction over all cases of damage or injury caused by a vessel on navigable water, provided that (1) the incident has a potentially disruptive impact on maritime commerce, and (2) the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513

U.S. 527, 532-34 (1995). The Court finds that Plaintiff's allegations that Barton negligently operated his boat in a marina, allided with Plaintiff's fishing vessel, and caused damage to its hull are sufficient to establish this Court's admiralty and maritime jurisdiction. *Perforaciones Maritimas Mexicanas S.A. de C.V. v. Seacor Holdings, Inc.*, 443 F. Supp. 2d 825, 829-30 (S.D. Tex. 2006) (finding admiralty and maritime jurisdiction over a case involving an allision in Mexican waters).

Rule 4(k)(1) provides that service of a summons "establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." The Court has general personal jurisdiction over Barton because he is a resident of Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

## B.  Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider:

(1) whether material issues of fact are at issue;

(2) whether there has been substantial prejudice;

(3) whether the grounds for default are clearly established;

(4) whether the default was caused by a good-faith mistake or excusable neglect;

(5) the harshness of a default judgment; and

(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Barton has not filed an answer or any responsive pleadings. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .") (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Second, Barton's failure to appear and respond has ground the

adversary process to a halt, prejudicing Plaintiff's interest in pursuing its claim for relief. *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at \*2 (W.D. Tex. Nov. 23, 2020). Third, the grounds for default are clearly established: The Clerk has entered default against Barton, who was properly served and has "failed to answer or respond." *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 781 (E.D. Tex. 2023). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Barton has not appeared. Fifth, "[n]othing about the circumstances of this request or the amount claimed makes this judgment particularly 'harsh.'" *Nautilus Ins. Co. v. A Best Am. Roofing, LLC*, No. EP-18-CV-320-PRM, 2019 WL 1473140, at \*3 (W.D. Tex. Apr 3, 2019). Finally, the Court knows of no facts giving rise to good cause to set aside default judgment if challenged by Barton. For these reasons, this Magistrate Judge finds that default judgment is procedurally warranted.

## C. There Is a Sufficient Basis for Judgment in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). Based on failure to respond, courts assume a defendant admits all well-pleaded facts in a complaint, but a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

To plausibly allege a general maritime negligence claim, a plaintiff must allege "there was (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury sustained by the plaintiff, and (4) a causal connection between the defendant's conduct and the plaintiff's injury." *SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458, 470 (5th Cir. 2022) (citation omitted). Under maritime law, a plaintiff is owed a duty of ordinary care under the circumstances. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010). To plead causation,

the plaintiff must allege that the defendant's negligence was a substantial factor in causing the plaintiff's injuries. *Id.* at 214.

Plaintiff alleges that Barton owed it a duty of reasonable care, caution, management, and maritime skill in operating his vessel and that he breached his duty by negligently alliding with Plaintiff's moored, stationary vessel. *Id.* ¶¶ 17, 20. Plaintiff alleges that the allision damaged its vessel, requiring $46,158.34 in repairs. *Id.* ¶ 9. Plaintiff also alleges that the allision and resulting damages "were caused solely and exclusively by the fault, omission, and/or otherwise negligent and wrongful conduct of Defendant." Dkt. 1 ¶ 20. The Court finds these allegations sufficient to state a claim of general maritime negligence against Barton. *Alexis v. Hilcorp Energy Co.*, 493 F. Supp. 3d 497, 508 (E.D. La. 2020).

## D.  Relief

Having found that a default judgment is appropriate, the Court must determine what relief Plaintiff should receive. *J & J Sports Prods.*, 126 F. Supp. 3d at 814. A defaulting defendant admits the truth of the well-pleaded facts alleged in the complaint, but it does not concede the truth of allegations concerning damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002).

Plaintiff seeks actual damages of $32,279.34. In support of its request, Plaintiff attaches an affidavit from Kelly Owens, a member of Adventuras de Pescado, LLC. Dkt. 14-1. Owens states that the allision caused Plaintiff to incur repair costs for refinishing and fees from the marina where its boat was moored. *Id.* ¶¶ 3-4. Plaintiff attaches invoices to its motion showing that those repairs and fees totaled $46,158.34 after taxes. Dkt. 14-2. It also attached a receipt of payment from Defendant in the amount of $13,879. *Id.* The Court finds that Plaintiff's affidavit and evidence support awarding actual damages in the amount of $32,279.34.

Plaintiff also seeks prejudgment and postjudgment interest. Dkt. 1 at 6. Under maritime law, an award for prejudgment interest "is the rule rather than the exception; prejudgment interest must be awarded unless unusual circumstances make an award inequitable." *Paragon Asset Co. Ltd. v. Gulf Copper & Mfg. Corp.*, 622 F. Supp. 3d 360, 423-24 (S.D. Tex. 2022) (quoting *Ryan Walsh Stevedoring Co. v. James Marine Servs., Inc.*, 792 F.2d 489, 492 (5th Cir. 1986)), *aff'd*, 99 F.4th 736 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 379 (Oct. 15, 2024) (mem.). Exceptional circumstances include the "prevailing party's undue delay in prosecuting the lawsuit or its bad faith conduct." *Id.* at 424. If granted, prejudgment interest on repair costs runs from the date of the accident. *Id.* Courts have broad discretion in setting prejudgment interest rates and may look to the rate set by the Federal Reserve, the cost of borrowing money, state law, or other reasonable guideposts. *Id.*

The Court finds no exceptional circumstances that would render an award of prejudgment interest inequitable. Plaintiff seeks interest at a rate of 8%, but does not explain why that rate is fair. The Court finds that prejudgment interest at 3.8%, the current rate published by the Federal Reserve,[2] from the date Plaintiff's boat was damaged until the date the District Court enters judgment is a fair award.

Federal law applies to the award of postjudgment interest. *Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993). Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The Court finds that Plaintiff should receive postjudgment interest on the entire amount of the final judgment as calculated under § 1961.

Plaintiff also seeks court costs of $1,225, but does not submit a bill of costs. Dkt. 14 at 6. Rule 54(d)(1) provides that costs "should be allowed to the prevailing party." "The party seeking

---

[2] U.S. Dist. Ct. W. Dist. of Tex., *Post Judgment Interest Rates (Weekly)*, https://www.txwd.uscourts.gov/for-attorneys/post-judgment-interest-rates-weekly/.

to recover costs bears the burden of producing evidence that adequately documents and establishes the costs incurred." *Schmidt v. United States*, No. 1:18-CV-88-DAE, 2021 WL 6750900, at *2 (W.D. Tex. Feb. 22, 2021) (citation omitted). This Magistrate Judge recommends that Plaintiff be awarded its costs if it timely files a bill of costs in accordance with Local Rule CV-54.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Default Judgment (Dkt. 14) and enter default judgment against Barton.

The Court further **RECOMMENDS** that the District Cout award Plaintiff $32,279.34 in actual damages, prejudgment interest at 3.8%, postjudgment interest as calculated under § 1961, and costs of court in an amount determined in accordance with Local Rule CV-54.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 27, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE