IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADVENTURAS DE PESCADO, LLC, | § | No. 1:25-CV-00693-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| STONEY BARTON, *in personam*, | § | |
| | § | |
| Defendant. | § | |

_____

**ORDER (1) GRANTING DEFENDANT'S MOTION AND VACATING CLERK'S ENTRY OF DEFAULT; AND (2) MOOTING MOTION FOR DEFAULT JUDGMENT; AND (3) DECLINING TO ADOPT THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Before the Court is (1) Plaintiff Adventuras de Pescado, LLC's ("Plaintiff") Motion for Default Judgment against Stoney Barton (Dkt. # 14); (2) U.S. Magistrate Judge Susan Hightower's Report and Recommendation (the "Report"), recommending the Motion for Default Judgment be granted (Dkt. # 15); and (3) Defendant Stoney Barton's ("Defendant" or "Barton") Motion to Set Aside Clerk's Entry of Default and For Leave to File Answer to Complaint (Dkt. # 16). The Court finds these matters suitable for disposition without a hearing. After careful consideration of the filings and the relevant law, the Court **GRANTS** Defendant's Motion to Set Aside Clerk's Entry of Default and Leave to File Answer (Dkt. # 16), and accordingly, **DENIES AS MOOT** Plaintiff's Motion for

Default Judgment (Dkt. # 14) and **DECLINES TO ADOPT** the Magistrate's

Report (Dkt. # 15).

<u>BACKGROUND</u>

The Court adopts Judge Hightower's recitation of the facts,

supplemented by Defendant's motion.  Plaintiff Adventuras de Pescado, LLC, a

Texas limited liability company, brings this general maritime negligence suit

against Defendant Stoney Barton.  Plaintiff invokes this Court's original

jurisdiction over admiralty and maritime cases under 28 U.S.C. § 1333(1).

Plaintiff makes the following allegations in its Original Complaint: Plaintiff owns

and operates the M/Y CALIENTE, a 61-foot Viking sport fishing vessel.  (Dkt. # 1

at ¶ 5.)  Barton owns and/or operates the M/Y FARTHER & SUN, a 63-foot 2015

Hatteras GT63.  (<u>Id.</u> at ¶ 6.)  On April 29, 2024, the M/Y CALIENTE was moored

in its assigned slip in Marina Pez Vela in Costa Rica.  (<u>Id.</u> at ¶ 7.)  "While the M/Y

CALIENTE was so moored, Defendant's vessel, the M/Y FARTHER & SUN,

while departing its assigned slip at the marina under power, at approximately 10:00

a.m., crashed into M/Y CALIENTE while it was stationary in its assigned slip

within the Marina Pez Vela."  (<u>Id.</u> at ¶ 8.)  As a result, "the M/Y CALIENTE

sustained significant damage to its hull, requiring repairs totaling approximately

$46,158.34."  (<u>Id.</u> at ¶ 9.)  Plaintiff had its damaged boat hauled out of the water

and repaired at Quepos Boat Yard S. A., in Quepos, Costa Rica.  (<u>Id.</u> at ¶ 10.)  In

May 2024, Barton made partial payment of $13,879.00 to Plaintiff for repairs, leaving some $32,279.34 due.  (Id. at ¶ 11.)

Plaintiff filed its Complaint on May 8, 2025, asserting a claim of general maritime negligence against Barton.  (Id. at ¶¶ 15-22.)  Plaintiff seeks monetary damages for the total cost of repairs to its vessel, expenses, and interest. (Id. at ¶¶ 23-24.)  Plaintiff served Barton on August 14, 2025.  (Dkt. # 10.)  After Barton failed to timely answer or otherwise respond to Plaintiff's Complaint, the Clerk entered default on November 3, 2025.  (Dkt. # 13.)  On February 27, 2026, Plaintiff moved for an entry of default judgment under Rule 55.  (Dkt. # 14.)  On May 27, 2026, U.S. Magistrate Judge Susan Hightower issued her Report, recommending that Plaintiff's Motion for Entry of Default Judgment be granted after finding that Plaintiff satisfied the procedural requirements and that there is a sufficient basis for judgment in the pleadings.  (Dkt. # 15.)  Rather than file Objections to the Report, Defendant appeared on June 10, 2026, moving to set aside the Clerk's entry of default and requesting leave to file his answer out of time.  (Dkt. # 16.)  Plaintiff filed a Response in Opposition on June 25, 2026.[1] (Dkt. # 17.)

---

[1] Plaintiff's deadline to respond was June 24, 2026, per Local Rule CV-7(D) and Fed. R. Civ. P. 6.

<u>APPLICABLE LAW</u>

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek entry of default judgement.  Fed. R. Civ. P. 55.  The Fifth Circuit requires a three-step process for securing a default judgement.  <u>New York Life Ins. Co. v. Brown</u>, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party has failed to plead or otherwise respond to a complaint within the time required pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 55(a); <u>Brown</u>, 84 F.3d at 141.  Second, an entry of default may be entered by the court clerk when the default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a); <u>Brown</u>, 84 F.3d at 141.  Third, a party being given entry of default may then apply to the clerk or the court for a default judgement.  Fed. R. Civ. P. 55(a); <u>Brown</u>, 84 F.3d at 141.

A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c).  "[T]he requirement of 'good cause' . . . ha[s] generally been interpreted liberally."  <u>Amberg v. Fed. Deposit Ins. Corp.</u>, 934 F.2d 681, 685 (5th Cir. 1991).  Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.  <u>Lacy v. Sitel Corp.</u>, 227 F.3d

290, 292 (5th Cir. 2000).  These factors are not exclusive, but are to be regarded simply as a means to identify good cause.  Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, 346 F.3d 552, 563 (5th Cir. 2003).  Other factors, such as whether the party acted expeditiously to correct the default, may also be considered.  Id.  In general, default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).

## ANALYSIS

Upon examining the circumstances and applying the relevant factors, the Court finds that good cause exists to set aside the Clerk's entry of default.

### A. Willful Failure to Respond

Defendant urges the Court to set aside the Clerk's entry of default because he incorrectly believed that "Plaintiff's dispute with him had been fully resolved through his May of 2024 payment pursuant to negotiated settlement terms."  (Dkt. # 16 at 4.)  Defendant contends that Plaintiff agreed to payment of $13,900 in exchange for Plaintiff's full and final release of any claims related to the accident.  (Id. at 2; Dkt. # 16-2 at 2.)  Plaintiff's Complaint admits to Defendant's $13,900 payment, on behalf of his company, Farther and Sun Fishing Charters LLC ("Farther and Sun").  (Dkt. # 1 at 2.)  Thus, Defendant alleges he was "under the impression that Farther and Sun's payment in May of 2024"

5

resolved the dispute, even though the parties had not yet fully executed the settlement agreement. (Dkts. ## 16 at 2; 16-2 at 1.) Thus, when Defendant was served in this lawsuit, he did not realize any responsive pleading was required until he received notice of the pending motion for default judgment. (Dkt. # 16 at 4–5.) At this point Defendant obtained counsel. (Dkt. # 16-1 at 3.) This, Defendant argues, amounts to excusable neglect, not willful failure to respond. (Id.) The Court agrees. See Crow v. HCL Am. Techs. Inc., No. 4:22-CV-749-SDJ-AGD, 2023 WL 6613119, at *3 (E.D. Tex. Sept. 13, 2023) ("[N]egligence in not responding to a lawsuit does not constitute willful default."), report and recommendation adopted, No. 4:22-CV-749-SDJ-AGD, 2023 WL 6609338 (E.D. Tex. Oct. 9, 2023).

B. Prejudice to Plaintiff

Next, the Court finds that Plaintiff will not be unduly prejudiced by setting aside the default. A court's decision to set aside default judgment will be prejudicial to a plaintiff when "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). "Thus, mere delay alone does not constitute prejudice." Id.

6

C. Potential Meritorious Defense

Lastly, the Court finds that Defendant has set forth a potential meritorious defense to Plaintiff's claims.  When determining if a party has a meritorious defense, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 122 (5th Cir. 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 2697 (1998)).  A defendant may present a meritorious defense, or, alternatively, a plaintiff's failure to state a claim may itself be a meritorious defense. Scott v. Carpanzano, 556 F. App'x 288, 297 (5th Cir. 2014).  Defendant "need only establish that the evidence submitted, if proven at trial, would constitute a defense." Owens-Illinois, Inc v. T & N Ltd., 191 F.R.D. 522, 526 (E.D. Tex. 2000).  "The requirement of a meritorious defense is only intended to ensure that the Court's order vacating the judgment is not an exercise in futility." Id.

Defendant argues that the parties entered into an enforceable agreement when he agreed to pay $13,879 to resolve the damage to Plaintiff's property and Plaintiff accepted the payment.  (Dkt. # 16 at 6.)  Although there are clearly differing accounts as to what was agreed upon, if Defendant can prove his version of facts at trial or through the course of litigation—namely, that Plaintiff

7

agreed to release all claims upon payment of $13, 879—this may amount to a meritorious defense. See Simon v. Barrett Steel Energy Prods., Inc., No. CV H-17-3831, 2018 WL 2010300, at *4 (S.D. Tex. Apr. 30, 2018) (finding that after accepting a settlement offer and agreeing to release all claims, the plaintiff cannot then pursue those claims in court). Whether that agreement was binding, or occurred at all, is a question that is best saved for litigation.

Lastly, Defendant acted expeditiously to correct the default, appearing within 14 days after the Report was entered and before final default judgment was entered. (See Dkts. ## 15, 16.) See A&L Sales, 346 F.3d at 563. Accordingly, the Court finds good cause to set aside the Clerk's entry of default and grant Defendant leave to file his answer or responsive pleading. See Fed. R. Civ. P. 6(b)(1) (providing that, upon motion, a court may extend time for good cause if the party failed to act because of excusable neglect). The Court notes that it will look disapprovingly upon any further unnecessary delays by Defendant. However, given that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations," the Court finds that this is not such an extreme situation warranting an extreme remedy. Sun Bank of Ocala, 874 F.2d at 276. Defendant's Motion to Set Aside Clerk's Entry of Default and For Leave to File an Answer to Complaint (Dkt. # 16) is **GRANTED**. Plaintiff's Motion for Default Judgment against Stoney Barton (Dkt. # 14) is

8

**DENIED AS MOOT**.  Accordingly, although legally and procedurally correct at the time entered, the Court **DECLINES TO ADOPT** the Magistrate Report and Recommendation (Dkt. # 15) because the underlying motion is now moot.

CONCLUSION

Based on the aforementioned reasons, the Court:

(1)  **GRANTS** Defendant's Motion to Set Aside Clerk's Entry of Default and For Leave to File an Answer to Complaint (Dkt. # 16);

(2)  **DENIES AS MOOT** Plaintiff's Motion for Default Judgment against Stoney Barton (Dkt. # 14); and

(3)  **DECLINES TO ADOPT** the Magistrate Report and Recommendation (Dkt. # 15).

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, June 26, 2026.

_____

David Alan Ezra
Senior United States District Judge

9